UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SUSAN ABELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:14-cv-01301-RLY-MJD |
| | ) | |
| KROGER LIMITED PARTNERSHIP I, | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Susan Abels, slipped and fell in a Kroger grocery store and injured her knee. Defendant, Kroger Limited Partnership I, moves for summary judgment. For the reasons set forth below, the court **GRANTS** the motion.

**I.  Summary Judgment Standard**

Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). To survive summary judgment, the nonmoving party must present specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine dispute of fact exists if, based on the evidence presented, a reasonable jury could find in favor of the non-moving party on a particular issue. *Id.* at 248. In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the nonmoving

1

party and draws all reasonable inferences in favor of the non-moving party. *See id.* at 255.

## II. Background

On November 9, 2012, Plaintiff drove to a Kroger store located in Brownsburg, Indiana, to purchase groceries.[1] (Deposition of Susan Abels ("Plaintiff Dep.") at 69-71, 90). Plaintiff was wearing shorts, a sweatshirt, and flip flops. (Affidavit of Angel Nance ("Nance Aff."), Tab 3). As Plaintiff walked past the store's self-checkout area, Kroger employee Adam Jackson testified he heard her mumbling under her breath, "It's kind of slippery in the store tonight." (Deposition of Adam Jackson ("Jackson Dep.") at 10-11, 14, 19). Plaintiff did not stop and did not specify, however, "where it was [slippery] or anything like that." (*Id*. at 10). After hearing Plaintiff's remark, Jackson walked around and looked to see (1) if there was anything on the ground in the area Plaintiff was walking from or (2) if there was anything on the ground in and around the area where he (Jackson) was working – i.e., around the self-checkout area and outside the bathroom area. (*Id*. at 10-13, 16-17). When he was finished looking around, Plaintiff was gone. (*Id*. at 21).

Plaintiff purchased her items and, as she was in the process of leaving, turned around and went back into the store to purchase a pack of gum. (Plaintiff Dep. at 76-77). According to Plaintiff, after she made her u-turn back into the Kroger store, she was

---

[1] Plaintiff testified she had a few mixed alcoholic beverages before she drove to Kroger on November 9, 2012. (Plaintiff Dep. at 90). Plaintiff's alleged intoxication, however, is not at issue. Therefore, all facts related to that subject will not be considered.

walking through the "little cut through" between the large bottled water display and the Redbox movie rental machine, when she fell to the ground and onto her left knee. (*Id*. at 77-78, 84). Plaintiff testified that after the paramedics arrived, she noticed a clear liquid substance on the floor. (*Id*. at 82-83). She did not remember any other specifics, however, including how large the liquid substance was. (*Id*. at 82).

Kroger Night Accounting employee Kelsey M. Allen and Co-Manager Angel Nance had a discussion over the nature of the substance that was discovered on the floor near the Redbox machine. (Deposition of Kelsey Allen ("Allen Dep.") at 17; Deposition of Angel Nance ("Nance Dep.") at 54). They determined it was clear, but thicker than water. (Allen Dep. at 17; Nance Dep. at 54). Nance observed that the substance, which she described as four or five inches long, "wasn't dirty or anything so it was not that long on the ground." (Nance Dep. at 21).

Approximately an hour before Plaintiff's alleged slip-and-fall, Kroger employee Kanon Mosely cleaned up a spill in the same general area as the spill at issue here. Mosely testified he had no doubt the spill was completely cleaned up because he "always double checks" the areas he cleans. (Deposition of Kanon Mosely ("Mosely Dep.") at 37-38). Moreover, the evidence reflects that, at 8:03:41 p.m., approximately three minutes before Plaintiff's fall, Nance walked through the narrow area near the Redbox machine while pushing a cart, and did not notice a spill on the floor. (Nance Aff. ¶¶ 2-3; Nance Dep. at 14-15, 22). And at approximately 8:05:06 p.m., approximately one minute and fifty-two seconds before Plaintiff's fall, Kroger produce employee Trisha Siders

3

walked through the same narrow area near the Redbox machine and, like Nance, did not notice a spill on the floor. (Deposition of Trisha Siders ("Siders Dep.") at 4, 15-16, 25).

### III. Discussion

Under Indiana law, the landowner or possessor of land – in this case, Kroger – "owes the highest duty to an invitee: a duty to exercise reasonable care for h[er] protection while [s]he is on the . . . premises." *Burrell v. Meads*, 569 N.E.2d 637, 639 (Ind. 1991). Before liability may be established, however, the landowner or possessor of land "must have actual or constructive knowledge of the danger." *Schulz v. Kroger Co.*, 963 N.E.2d 1141, 1144 (Ind. Ct. App. 2012) (citing *Carmichael v. Kroger Co.*, 654 N.E.2d 1188, 1191 (Ind. Ct. App. 1995)). Kroger argues that summary judgment is appropriate because no reasonable juror could conclude that Kroger had actual or constructive knowledge of the substance on the floor near the Redbox machine that allegedly caused Plaintiff's fall. Plaintiff argues Kroger had actual knowledge of "a slippery floor" because Plaintiff reported[2] the condition to Jackson. Jackson's testimony in this regard is worth noting:

> A: I was down by where I was working, the self-checkout area, which is by the bathrooms, and she walked past me and I kind of heard her mumble, saying that ["it's kind of slippery in the store tonight"]. But she didn't specify like where it was or anything like that.
>
> Q: What, if anything, did you do after you heard her say that?

---

[2] Plaintiff's husband, Jeffrey, testified Plaintiff told him she reported something slippery on the floor to a cashier before she fell. (Deposition of Jeffrey Abels at 24). Jeffrey was out of town on November 9, 2012, and thus acquired any knowledge of the incident from his wife. Jeffrey's testimony constitutes hearsay and, at Kroger's request, is stricken. Fed. R. Civ. P. 802.

4

>A:  Well, after I heard her say it, then I kind of looked around where I was to see if there was anything on the ground around where I was, or in the area that she was walking from to see, and I at the time didn't see anything on the ground.
>
>\*\*\*
>
>Q:  So [the self-checkout area] would have been at the opposite end from the Redbox?
>
>A:  Yes . . . .

(Jackson Dep. at 10-11).  Jackson did not check the Redbox area, as it is located "[a]bout half the distance of the store" away from the self-checkout area.  (*Id*. at 12).

Viewing the evidence in the light most favorable to Plaintiff, her mumbled report, which was not directed at any particular person, at most put Kroger on notice that the floor area where she was walking was slippery.  Plaintiff's mumbled report, however, does not support an inference that Kroger knew about the presence of a clear substance at the site of the alleged slip-and-fall.  *See Blackburn v. Menard, Inc.*, No. 2:10 CV 87, 2014 WL 6669489, at \*6 (N.D. Ind. Nov. 24, 2014) (finding the fact that Menard's employees were shoveling snow at the store's entrance did not establish employees were aware of the icy condition on the store's exit ramp where plaintiff fell).  Indeed, the Redbox machine was approximately a half a store away from Plaintiff when Jackson overheard her comment regarding the condition of the floor.  (*See* Jackson Dep. at 12) ("Q: How far away was the Redbox area from where you were?  A: . . . [T]here is all those lanes in between where I was and where the Redbox is.  About half the distance of the store.").

5

In addition, there is no evidence to support a finding that Kroger had constructive knowledge of the substance that Plaintiff allegedly slipped on.  Constructive knowledge is defined as a "'condition [which] has existed for such a length of time and under such circumstances that it would have been discovered in time to have prevented injury if the storekeeper, his agents or employees had used ordinary care.'"  *Schultz*, 963 N.E.2d at 1144 (quoting *Wal-Mart Stores, Inc. v. Blaylock*, 591 N.E.2d 624, 628 (Ind. Ct. App. 1992)).  Indiana case law provides guidance on the circumstances from which an inference of constructive knowledge may be found.  For example, in *Schultz v. Kroger Co.*, the plaintiff slipped over a clear liquid and fell in front of the Kroger store's Seven-Up display, injuring her head and back on the floor.  *Id.* at 1143.  The trial court granted Kroger's motion for summary judgment, finding, as a matter of law, that Kroger did not have actual or constructive notice of the dangerous condition which caused plaintiff's fall.  *Id.* at 1144.

In affirming the trial court's decision, the Indiana Court of Appeals examined the testimony of a Kroger employee who stated she "had been in the area where [plaintiff] had fallen approximately 5-10 minutes before plaintiff's fall occurred.  In the 5-10 minute period of time before the alleged fall, [she] did not . . . observe any foreign substance(s) or potential hazard(s) on the floor.  The floor was clean and dry."  *Id.* at 1145.  The Indiana Court of Appeals concluded:

> It is evident from the designated evidence before us that the window of time between a Kroger employee being present in the area where [plaintiff] fell and [plaintiff's] fall was ten minutes at most.  Ten minutes prior to her fall, the floor was clean and dry.  Short of imposing a strict liability standard or mandating an employee's presence in every aisle at all times, we conclude

6

> that there is no genuine issue of fact in the case before us that Kroger did not have constructive knowledge of the hazardous condition. Therefore, we affirm the trial court's grant of summary judgment in favor of Kroger.

*Id*. at 1145. This court, applying Indiana law, recently granted summary judgment on similar facts to the present one. *See Robinson v. Kroger*, 2014 WL 3405874, at *4 (S.D. Ind. July 10, 2014) (finding no issue of fact on constructive knowledge where foreign substance that caused plaintiff's fall was found to be present less than ten minutes); *Williams v. Meijer, Inc.*, No. 1:13-cv-00605-SEB-DML, No. 1:12-cv-510-WTL-MJD, 2013 WL 3146981, at *3 (S.D. Ind. June 18, 2013) (finding no issue of fact on constructive knowledge where area of slip-and-fall had been inspected seven to twelve minutes before the plaintiff's fall).

Plaintiff concedes (1) she did not see the substance on the floor before she fell, (2) she does not know how long the substance was on the floor, and (3) she does not know whether Kroger knew it was on the floor before her fall. (Plaintiff Dep. at 81, 83). The court is therefore left with the undisputed evidence from Nance and Siders establishing they walked through the area just minutes before Plaintiff's fall and did not notice anything on the floor. No reasonable jury could find, given that short window of time, that Kroger had constructive notice of the clear substance on the floor that caused Plaintiff's fall. Accordingly, Kroger is entitled to summary judgment.

## IV. Conclusion

For the reasons detailed herein, Defendant's Motion for Summary Judgment (Filing No. 41) is **GRANTED**. Judgment shall enter accordingly.

**SO ORDERED** this 1st day of December 2015.

                                                  RICHARD L. YOUNG, CHIEF JUDGE
                                                  United States District Court
                                                  Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.